FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 23, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RORY WINTERSTEEN and TERRI WINTERSTEEN, individually and the marital community thereof,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | No.   2:21-cv-00185-SMJ<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Before the Court is the Defendant's Motion to Dismiss, ECF No. 6. Defendant contends that Plaintiffs' Complaint fails to state a claim upon which relief may be granted. The Court has reviewed the motion and the file in this matter and grants the motion but provides Plaintiffs an opportunity to amend their Complaint.

### PLAINTIFFS' ALLEGATIONS

Plaintiffs' property was damaged by a fire. ECF No. 1 at 2–3. Defendant insured Plaintiffs for their first party property loss and paid Plaintiffs under their claim. *Id.* at 5. Defendant's coverage was insufficient to cover all their losses, so

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS – 1

they sued their neighbors, who they allege caused the fire. *Id.* at 3, 5. Coincidentally, Defendant also insured their neighbors. *Id.* at 6. Defendant agreed to defend the neighbors in that action, and provided defense counsel, who answered and asserted affirmative defenses, including "offset, setoff, or credit for payments made to or on behalf of Plaintiffs." *Id.* at 8.

Plaintiffs bring causes of action for negligent supervision, bad faith, and breach of fiduciary duty, as well as under the Washington Insurance Fair Conduct Act (IFCA), Wash. Rev. Code § 48.30.015, and the Washington Consumer Protection Act (WCPA), Wash. Rev. Code § 19.86.010 *et seq*. ECF No. 1. They also request several forms of declaratory relief. *Id.* at 14–19.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6),[1] the Court must dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted," including when the plaintiff's claims either fail to allege a cognizable legal theory or fail to allege sufficient facts to support a cognizable legal theory. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[1] Plaintiffs contend, without support, that Defendant relies on facts outside the Complaint. ECF No. 9 at 4. Because the Court limits its analysis to allegations in the Complaint, it declines to convert this to a summary judgment motion.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS – 2

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Facial plausibility exists when a complaint pleads facts permitting a reasonable inference that the defendant is liable to the plaintiff for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Plausibility does not require probability but demands something more than a mere possibility of liability. *Id.* While the plaintiff need not make "detailed factual allegations," "unadorned" accusations of unlawful harm and "formulaic" or "threadbare recitals" of a claim's elements, supported only "by mere conclusory statements," are insufficient. *Id.*

In deciding a Rule 12(b)(6) motion, the Court construes a complaint in the light most favorable to the plaintiff, assumes the facts as pleaded are true, and draws all reasonable inferences in his or her favor. *Ass'n for L.A. Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011); *Iqbal*, 556 U.S. at 678. Even so, the Court may disregard legal conclusions couched as factual allegations. *See id.*

## DISCUSSION

**A.    IFCA**

IFCA allows "[a]ny first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer" to "bring an action." Wash. Rev. Code § 48.30.015(1). Defendant argues that Plaintiffs cannot assert a IFCA claim based on an alleged violation of the Washington Administrative Code (WAC) in the absence of an unreasonable denial of coverage

of benefits. ECF No. 6 at 5–6. They argue that because Defendant did not deny Plaintiffs' claim, IFCA is inapplicable. *Id.* at 5. Plaintiffs disagree, arguing that IFCA allows claims based on certain WAC violations. ECF No. 9 at 18–19 (citing Wash. Rev. Code § 48.30.015(3)). But this argument is foreclosed by Washington law. When faced with this question, the Washington State Supreme Court held that the section of the IFCA that referred to Washington Administrative Code sections applies to whether a plaintiff may recover treble damages, not whether they have a cause of action. *Perez-Cristantos v. State Farm Fire & Cas. Co.*, 389 P.3d 476, 480–81 (Wash. 2017). Plaintiffs do not address *Perez-Cristantos* in their response. *See* ECF No. 9 at 17–19.

The Court agrees that *Perez-Cristantos*, although it acknowledges that IFCA is "ambiguous" and "vexing," forecloses Plaintiffs' argument. *See Perez-Cristantos*, 389 P.3d at 480, 481. Accordingly, Plaintiffs have not stated a claim upon which relief can be granted as to their IFCA claim.

**B.    WCPA, Negligent Supervision, and Bad Faith**

**1.    WCPA**

To state a claim under WCPA, a plaintiff must allege facts describing "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS – 4

531, 533 (Wash. 1986). Defendant argues that Plaintiffs have not alleged any conduct which qualifies as an unfair or deceptive practice and that Plaintiffs have not alleged any damages caused by Defendant's alleged conduct. ECF No. 6 at 7–10.

Plaintiffs vaguely allege that they "sustained injury to their property, personal injury, and business relationship" as a result Defendant's "bad faith" unfair trade practice. ECF No. 1 at 11–12. Plaintiffs cite several entire sections of the Washington Administrative Code, but do not explain which subsections they allege were violated, or how. *Id.* at 11. These conclusory allegations are insufficient to state a claim upon which relief can be granted. *See Iqbal*, 556 U.S. at 678.

Even considering Plaintiffs' arguments in response to the motion to dismiss, it is unclear how they allege Defendant caused damage. *See* ECF No. 9. In the action against their neighbors, Plaintiffs will either be entitled to recovery or they will not. Before Defendant receives any offset, Plaintiffs will be made whole. *See* ECF No. 10 at 5. It is thus unclear how any of the alleged misconduct, including sharing about Plaintiffs' policy and claim with defense counsel in the action against the neighbors, damaged Plaintiffs or may damage Plaintiffs. Because the Court determines that Plaintiffs have not adequately alleged causation and damages, it need not further analyze whether Plaintiffs allege an unfair or deceptive act or practice.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS – 5

### 2. Negligent Supervision

Likewise, Plaintiffs have not stated a claim with regard to their negligent supervision claim. They contend that Defendant negligently supervised their claim adjustor to allow sharing their claim information with counsel for the third-party claim. ECF No. 1 at 8–10. For a negligent supervision cause of action, a Plaintiff must show duty, breach, causation, and damages. *See, e.g.*, *Briggs v. Nova Servs.*, 147 P.3d 616, 622 (Wash. Ct. App. 2006). For the reasons explained above, Plaintiffs have not sufficiently alleged causation and damages.

### 3. Bad Faith

Finally, Plaintiffs have also not stated a claim for bad faith. Plaintiffs allege that Defendant breached its duty of good faith when it gave their neighbors access to their insurance file. ECF No. 1 at 12–13. A bad faith claim requires a Plaintiff to show duty, breach, causation, and damages. *Safeco Ins. Co. v. Butler*, 823 P.2d 499, 503 (Wash. 1992). For the reasons explained, Plaintiffs have not sufficiently alleged causation and damages.

### C. Breach of Fiduciary Duty

Plaintiffs allege that Defendant breached its quasi-fiduciary duty to Plaintiffs. ECF No. 1 at 13–14. Defendant argues that any fiduciary duty is subsumed in the duty of good faith. ECF No. 6 at 12; *see also Tank v. State Farm Fire & Cas. Co.*, 715 P.2d 1133, 1136 (Wash. 1986) ("This fiduciary relationship [is] the basis of an

insurer's duty of good faith."). Accordingly, it argues that Washington State does not recognize a separate cause of action for breach of quasi-fiduciary duty by insurers. ECF No. 6 at 13 (citing *Van Noy v. State Farm Mut. Auto. Ins. Co.*, 16 P.3d 574, 582 (Wash. 2001) (Talmadge, J., concurring) ("The more precise formulation of the duty owed by the insurer carrier to the insured is that of good faith, rather than a fiduciary duty."); *Hews v. State Farm Mut. Auto Ins. Co.*, No. C15-834 RAJ, 2016 WL 3144397, at *2 (W.D. Wash. June 6, 2016) ("No Washington court has recognized a claim for breach of fiduciary duty by an insured."); *Baker v. Phoenix Ins. Co.*, No. C12-1788JLR, 2014 WL 241882, at *3 (W.D. Wash. Jan. 22, 2014) (same, collecting cases); *Neyens v. Am. Family Mut. Ins. Co.*, C12-1038JLR, 2012 WL 5499870, at *2 (W.D. Wash. Nov. 13, 2012).

Plaintiffs have not cited any case, nor has this Court found any, which recognize a separate cause of action for breach of fiduciary or quasi-fiduciary duty by insurers. Plaintiffs thus fail to state a claim on which relief can be granted.

**D.    Declaratory Judgment**

Defendant argues that "[t]he precise nature of plaintiffs' request for declaratory relief is unclear." ECF No. 6 at 15. It appears that Plaintiffs seek a declaration that "Liberty Mutual does not have a right to Subrogation," ECF No. 1 at 14, "Liberty Mutual acted in bad faith by using Mr. Zimmerman and Ms. Kloster as a "straw man" to plead first-party defenses in a third-party action and refused to

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS – 7

withdraw them," *id.* at 16, and "Liberty Mutual shared Mr. and Mrs. Wintersteen's first-party claims file with counsel for Mr. Zimmerman and counsel for Ms. Kloster to the detriment of the Wintersteens in the third-party state action," *id.* at 18. Although Plaintiffs mention the issues contained in its request for declaratory relief in its response to the motion to dismiss (and elsewhere in their Complaint), they do not address the arguments made by Defendant against its claim for declaratory relief specifically. *See generally* ECF No. 9. Based on the information provided in the Complaint, the Court cannot determine that Plaintiffs state a claim upon which relief may be granted. *See Iqbal*, 556 U.S. at 678.

### E.  Opportunity to Amend

"[D]ismissal without leave to amend is improper unless it is clear . . . that the complaint [can] not be saved by any amendment." *Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001). In this case, Plaintiffs may save their Complaint through amendment and clearer articulation or supplementation of their claims. Accordingly, the Court grants Plaintiffs an opportunity to amend their Complaint.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss, **ECF No. 6**, is **GRANTED**.

2. Plaintiffs may file an **amended complaint** by no later than **thirty days from the date of this Order**.

   A. If Plaintiffs do not file an amended complaint by that date, the

Court will instruct the Clerk's Office to enter judgment dismissing this action with prejudice and closing the file.

  **B.** If Plaintiffs file an amended complaint, Defendant shall file a responsive pleading in accordance with the Federal and Local Civil Rules.

  **IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

  **DATED** this 23rd day of September 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge