FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 05, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RORY WINTERSTEEN and TERRI WINTERSTEEN, individually and the marital community thereof,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | No.   2:21-cv-00185-SMJ<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Before the Court is Defendant's second Motion to Dismiss, ECF No. 11. The Court previously granted Defendant's first motion to dismiss but provided Plaintiffs an opportunity to amend their complaint. Plaintiffs have now filed an amended complaint, which Defendant contends suffers from the same deficiencies. Having reviewed the relevant record, the Court grants Defendant's motion and dismisses Plaintiff's complaint without prejudice.

**BACKGROUND**

Plaintiffs' property was damaged by a fire. ECF No. 12 at 2–3. Defendant insured Plaintiffs for their first party property loss and paid Plaintiffs under their

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS – 1

claim. *Id.* at 3. Defendant's coverage was insufficient to cover all their losses, so they sued their neighbors—Mr. Zimmerman and Ms. Kloster—who they allege caused the fire. *Id.* Coincidentally, Defendant also insured their neighbors. *Id.* Defendant agreed to defend the neighbors in that action, and provided defense counsel, who answered and asserted affirmative defenses, including "offset, setoff, or credit for payments made to or on behalf of Plaintiffs." *Id.* at 3–4.

Plaintiffs filed suit against Defendant on June 4, 2021, asserting causes of action for negligent supervision, bad faith, and breach of fiduciary duty, as well as causes of action under the Washington Insurance Fair Conduct Act (IFCA), Wash. Rev. Code § 48.30.015, and the Washington Consumer Protection Act (WCPA), Wash. Rev. Code § 19.86.010 *et seq*. ECF No. 1. They also requested several forms of declaratory relief. *Id.* at 14–19.

On August 4, 2021, Defendant filed a motion to dismiss all claims against it. ECF No. 6. The Court granted the motion, though it granted Plaintiffs leave to "save their Complaint through amendment and clearer articulation or supplementation of their claims." ECF No. 11 at 8.

Plaintiffs filed an amended complaint on October 22, 2021. ECF No. 12. Plaintiffs' amended complaint asserts three causes of action, two of which were asserted in the original complaint (declaratory relief and bad faith) and have been clarified in the operative amended complaint. Plaintiffs' third cause of action

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS – 2

(underinsured motorist claim) was not asserted in the original complaint. *Compare* ECF No. 1, *with* ECF No. 12 at 21.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted," including when the plaintiff's claims either fail to allege a cognizable legal theory or fail to allege sufficient facts to support a cognizable legal theory. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Facial plausibility exists when a complaint pleads facts permitting a reasonable inference that the defendant is liable to the plaintiff for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Plausibility does not require probability but demands something more than a mere possibility of liability. *Id.* While the plaintiff need not make "detailed factual allegations," "unadorned" accusations of unlawful harm and "formulaic" or "threadbare recitals" of a claim's elements, supported only "by mere conclusory statements," are insufficient. *Id.*

In deciding a Rule 12(b)(6) motion, the Court construes a complaint in the light most favorable to the plaintiff, assumes the facts as pleaded are true, and draws

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS – 3

all reasonable inferences in his or her favor. *Ass'n for L.A. Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011); *Iqbal*, 556 U.S. at 678. Even so, the Court may disregard legal conclusions couched as factual allegations. *See id.*

## DISCUSSION

### I. Declaratory Judgment Claim

Plaintiffs, through their first cause of action, seek a declaration that Defendant Liberty Mutual does not have a right to subrogation, reimbursement, or offset. ECF No. 12 at 5–10. Defendant counters that at present, there is no justiciable controversy supporting such a claim. ECF No. 13 at 2.

#### A. Right to subrogation, reimbursement, and offset

"It is well established in Washington that insureds are not entitled to double recovery, and thus after an insured is fully compensated for his loss, an insurer may seek an offset, subrogation, or reimbursement for [] benefits already paid." *Gamble v. State Farm Mut. Auto. Ins. Co.*, No. C19-5956 MJP, 2022 WL 92985, at *2 (W.D. Wash. Jan. 10, 2022) (quoting *Sherry v. Fin. Indem. Co.*, 160 P.3d 31, 34 (Wash.2d 2007) (internal quotation marks omitted).

Subrogation is an equitable doctrine intended to avoid unjust enrichment by allowing an insurer to recover what it pays to an insured under a policy by suing the wrongdoer. *Axis Surplus Ins. Co. v. St. Paul Fire & Marine Ins. Co.*, No. C12-1024 MJP, 2013 WL 12121969, at *2 (W.D. Wash. Mar. 1, 2013) (citing *Touchet Valley*

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS – 4

*Grain Growers v. Opp & Seibold General Constr.*, 831 P.2d 724, 728 (Wash.2d 1992)). "An insurer bringing a subrogation claim stands in the shoes of the insured and is entitled to all rights and remedies belonging to the insured against a third party." *Id*. However, "[a]n insurer has no subrogation-like rights against its own insured unless provided for by contract." *Sherry*, 160 P.3d at 35.

The difference between an insurer's right to reimbursement or an offset is a technical one. An "offset" is the credit an insurer receives under one coverage for payments under another coverage in the same policy, whereas reimbursement "permits an insurer to be reimbursed by its insured from proceeds that the insured collects directly from the party at-fault." *Winters v. State Farm Mut. Auto Ins. Co.*, 31 P.3d 1164, 1167 (Wash.2d 2001). But both terms refer to the right of an insurer to be reimbursed for payments already advanced. *Sherry v. Fin. Indem. Co.*, 131 P.3d 922, 925 (Wash. Ct. App. 2006). Regarding both, "[t]he general rule is that, while an insurer is entitled to be reimbursed to the extent that its insured recovers payment for the same loss from a tortfeasor responsible for the damage, it can recover only the excess which the insured has received from the wrongdoer, remaining after the insured is fully compensated for his loss." *Thiringer v. Am. Motors Ins. Co.*, 588 P.2d 191, 193 (Wash.2d 1978). As such, any right of an insurer to seek reimbursement or offset applies only after its insured has been made whole.

//

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS – 5

B. **Case or Controversy Requirement**

Plaintiffs contend in their amended complaint their claim for declaratory judgment is ripe for this Court's review. Whether the question is viewed as one of standing or ripeness, Article III of the United States Constitution mandates that prior to a court's exercise of jurisdiction there must exist a constitutional "case or controversy," such that that the issues presented are "definite and concrete, not hypothetical or abstract." *Railway Mail Ass'n v. Corsi,* 326 U.S. 88, 93 (1945). "Ripeness is a justiciability doctrine designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807–08 (2003) (quoting *Abbott Laboratories v. Gardner,* 387 U.S. 136, 148–149 (1967).

The ripeness inquiry involves two components: (1) constitutional ripeness and prudential ripeness. *United States v. Braren*, 338 F.3d 971, 975 (9th Cir. 2003). "The constitutional ripeness of a declaratory judgment action depends upon 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id.*

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS – 6

(quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273 (1941).

Here, the Court has little trouble concluding that Plaintiffs' claim for declaratory relief is not ripe for review. Nowhere in Plaintiffs' amended complaint do they claim that Defendant has asserted rights to subrogation,[1] offset, or reimbursement. Instead, Plaintiffs note that Defendant, through its *pleadings* in this action, asserted a right to an offset. But this argument ignores the procedural posture of Defendant's statements. On August 4, 2021, Defendant moved to dismiss Plaintiffs' original complaint. In its motion, it indicated several times that is has a right to an offset or reimbursement if Plaintiffs are made whole at the conclusion of their suit against their neighbors. *See, e.g.*, ECF No. 6 at 8. But this motion was brought under Federal Rule of Civil Procedure 12(b)(6), which requires Defendant to assume Plaintiffs' allegations are true and Defendant's statements therein are not admissions.

And in any event, it is undisputed that Defendant has no right to reimbursement or offset unless and until Plaintiffs are made whole. As the Court has previously stated, in the action against their neighbors, Plaintiffs will either be

---

[1] Defendant has expressly represented that it will not assert any right to subrogation. ECF No. 13 at 7. Furthermore, a review of Plaintiffs' amended complaint and the relevant pleadings show that there is presently no allegation that Defendant has asserted any such right.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS – 7

entitled to recovery or they will not. And Defendant's right to an offset or reimbursement is contingent upon Plaintiffs first being made whole. Because Plaintiffs have not yet been made whole, and because there is no allegation that Defendant is presently seeking an offset or reimbursement, there exists no *immediate* and substantial controversy between the parties warranting the issuance of a declaratory judgment. *See Braren*, 338 F.3d at 975. Given this, the Court will not preemptively determine that Defendant either does or does not have a right to remedies it has not even asserted and which are contingent upon Plaintiffs recovering from theirs neighbors. As such, the Court finds that Plaintiffs' claim for declaratory judgment is not ripe for review. In so holding, the Court expresses no opinion as to whether Plaintiffs' claim may be properly brought in federal court at a later time, nor does it express any opinion on whether Defendant is entitled to any of the disputed remedies for recovery.

## II.   Bad Faith and Breach of Contract Claim

Plaintiffs' second cause of action alleges that Defendant breached its contract with Plaintiffs and acted in bad faith by seeking reimbursement without providing Plaintiffs with the noticed mandated under Washington law. ECF No. 12 at 16. In support, Plaintiffs submit that "[d]espite never providing the Wintersteens with written notice of a right to reimbursement, Liberty Mutual attempts to seek

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS – 8

reimbursement from the Wintersteens. This action by Liberty Mutual has damaged the Wintersteens and violates Liberty Mutual's contract with Wintersteen." *Id.*

Washington Administrative Code 284-3-0350(7) provides that "[n]o insurer shall make a payment of benefits without clearly advising the payee, in writing, that it may require reimbursement, when such is the case." Wash. Admin. Code 284-30-350(7). In addition, Defendant's insurance policy with Plaintiffs—*i.e.* the parties' contract—provides that Defendant is not entitled to any reimbursement from Plaintiffs unless Plaintiffs have been fully compensated, though Defendant notes this provision is contained within the uninsured motorists portion of the policy and not the property portion under which Defendant paid benefits to Plaintiffs. ECF No. 15 at 7.

Again, though, Plaintiffs have not been fully compensated because their suit against their neighbors remains pending, and Plaintiffs have not plausibly alleged that Defendant presently seeks reimbursement. That Defendant may at some later time seek to be reimbursed for amounts paid prior to Plaintiffs' recovery from another party is of no consequence at this juncture, as Plaintiffs have not yet recovered from another party and whether they ultimately will recover remains an open question. Implicit in WAC 284-3-0350(7)'s mandate is the requirement that an insured actually require reimbursement. And the cited policy provision defining Defendant's rights to recover amounts paid, even assuming it applies here, clearly

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS – 9

requires that the insured first recover from another party. Neither of these events have happened, nor have Plaintiffs alleged they have.

Plaintiffs seek to skirt this deficiency by claiming that Defendant is using its insureds—Mr. Zimmerman and Ms. Kloster—to bring an offset claim on Defendant's behalf. As previously indicated, Defendant agreed to defend Mr. Zimmerman and Ms. Kloster in Plaintiffs' action against them. Defendant provided Mr. Zimmerman and Ms. Kloster defense counsel, who answered Plaintiffs' complaint and asserted several affirmative defenses, including "offset, setoff, or credit for payments made to or on behalf of Plaintiffs." ECF No. 12 at 3–4.

This claim fails for several reasons. First, though the terms carry similar meanings, there is a difference between a reimbursement and an offset or a setoff. "An offset is not a reimbursement nor a recoupment. It simply prevents an insured from receiving a double recovery." *Hamm v. State Farm Mut. Auto. Ins. Co.*, 88 P.3d 395, 399 n. 5 (Wash.2d 2004). More specifically, an offset "refers to a credit to which an *insurer* is entitled for payments *made under one coverage against claims made under another coverage within the same policy*." *Winters*, 31 P.3d at 1167 (emphasis added). "'Reimbursement' permits an insurer to be reimbursed by its insured from proceeds that the insured collects directly from the party at-fault." *Id.* A setoff "refers to sums paid to the insured by another party." *Id.* What is clear from these definitions is that these terms carry distinct meanings and scope of rights

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS – 10

dependent upon the party who is asserting them. Given this, Mr. Zimmerman and Ms. Kloster could not plausibly assert a right to a setoff or offset on behalf of Defendant.

Second, given the unadorned and conclusory nature of Plaintiffs' allegation, the Court will not speculate that defense counsel for Mr. Zimmerman and Ms. Kloster is improperly attempting to litigate Defendant's interests. Washington Rule of Professional Conduct 5.4(c) "prohibits a lawyer, employed by a party to represent a third party, from allowing the employer to influence his or her professional judgment." *Tank v. State Farm Fire & Cas. Co.*, 715 P.2d 1133, 1137 (Wash.2d 1986) (citing Wash. RPC 5.4(c)). This, of course, means that defense counsel for Mr. Zimmerman and Ms. Kloster, though provided by Defendant, represents Mr. Zimmerman and Ms. Kloster only and does not act on Defendant's behalf. *Id.* ("RPC 5.4(c) demands that counsel understand that he or she represents only the *insured*, not the company."). Plaintiffs have set forth no facts in support of their allegation that Defendant has caused defense counsel for Mr. Zimmerman and Ms. Kloster to act improperly by asserting Defendant's interests. Accordingly, Plaintiffs' bad faith claim cannot survive.

Regardless, Plaintiffs have also failed to adequately allege any causation or damages related to their bad faith claim. Under Washington law, a bad faith claim requires a plaintiff to show duty, breach, causation, and damages. *Safeco Ins. Co. v.*

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS – 11

*Butler*, 823 P.2d 499, 503 (Wash.2d 1992). Plaintiffs allege that they have suffered damages in the form of "needless anxiety, stress, and uncertainty," as well as "additional legal costs to defend against an affirmative defense." ECF No. 12 at 20. Regarding damage in the form of legal costs, the Court notes that Plaintiffs chose to bring this action attempting to prematurely define the scope of the parties' rights. And most importantly, for the reasons explained, Plaintiffs have not sufficiently alleged causation. Accordingly, the Court dismisses Plaintiffs' second cause of action.

### III. Underinsured Motorist Claim

Plaintiffs' third cause of action makes a claim under their underinsured motorist policy with Defendant. ECF No. 12 at 21. This cause of action is outside of the scope of amendment permitted by the Court. *See* ECF No. 11 at 8. In granting Defendant's first motion to dismiss, the Court allowed Plaintiffs an opportunity to "save their Complaint through amendment and clearer articulation or supplementation of their claims." *Id.* It did not, however, permit Plaintiffs to amend their complaint to include entirely new claims not previously asserted. And even if Plaintiffs' third cause of action was within the scope of permitted amendment, it would fail. First, it is entirely unclear what Plaintiffs' grievance is. Apparently, Defendant provides Plaintiffs coverage under an underinsured motorist policy. *See* ECF No. 12 at 21. But Plaintiffs have not submitted a claim to Defendant for

coverage under this policy or given Defendant an opportunity to accept or reject any claim. There is therefore no dispute requiring this Court's resolution. If Plaintiffs have a claim to make, they must submit it to Defendant—its insurance provider—and not this Court.

## CONCLUSION

Given the deficiencies identified above, the Court will dismiss Plaintiffs' complaint. But given that the Court has determined Plaintiffs' first and second causes of action are premature, and Plaintiffs' third cause of action is not cognizable at this point, the Court will dismiss these claims without prejudice. In doing so, the Court expresses no opinion as to the merit of these claims or whether they may be properly asserted at a later date.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss, **ECF No. 13**, is **GRANTED**.

    A. All claims are **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk's Office is directed to **ENTER JUDGMENT** for Defendant and **CLOSE** this file.

//

//

//

//

//

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 5th day of July 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS – 14